IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHIL ROYER,
    Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA,
    Defendant.

Civil Action No. 11-0318

MEMORANDUM

Gary L. Lancaster,
Chief Judge.

July 15, 2011

    This is an action in civil rights. Plaintiff, Phil Royer, proceeding pro se, asserts what we construe to be a claim pursuant to section 1983 of the Civil Rights Act of 1871 ("section 1983"), 42 U.S.C. § 1983. In short, Royer contends that Pennsylvania law violates his Second, Eighth, Ninth, Tenth, and Fourteenth Amendment rights under the United States Constitution by making him ineligible to possess a firearm under federal law. Royer seeks damages sufficient to compensate him "for the permanent loss of [his] gun rights."

    Defendant, the Commonwealth of Pennsylvania, has filed a motion to dismiss the complaint on the grounds that Royer's claims are barred by the Eleventh Amendment and that Royer's complaint fails to state a claim upon which relief can be granted [doc. no. 7]. For the reasons that follow, we grant the motion.

I.   FACTUAL BACKGROUND

On June 23, 2008, Royer was found guilty of violating Pennsylvania's Uniform Firearms Act by carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(2). Under Pennsylvania law, because Royer did not commit another criminal violation while committing this offense, his crime was classified as a misdemeanor of the first degree, instead of as a felony of the third degree. Compare 18 Pa.C.S. §§ 6106(a)(1) & (a)(2). In Pennsylvania, a misdemeanor of the first degree is punishable by up to five (5) years imprisonment. 18 Pa.C.S. § 106(b)(6). Because his offense was punishable by imprisonment for a term exceeding one year, Royer became ineligible to carry a firearm under federal law, 18 U.S.C. § 922(g)(1). Thus, according to Royer, Pennsylvania has violated his rights under the Second Amendment to the United States Constitution and Article I, Section 21 of the Pennsylvania Constitution (¶ 8-17).

Although this is Royer's primary claim, he also alleges that Pennsylvania violated his Second Amendment rights by charging a fee for a firearms license (¶25) and his rights under the Ninth and Tenth Amendments of the United States Constitution and Article I, Section 21 of the Pennsylvania Constitution by enforcing a federal law that permanently prohibits him from possessing a gun, when Pennsylvania law does not impose that sanction for carrying an unlicensed firearm

2

(¶19-20). Royer further contends that Pennsylvania has subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution, by causing the permanent loss of his gun rights (¶22).

Additionally, Royer has included in his complaint numerous allegations against entities that are not parties to this action, and various claims that are not legally cognizable in this proceeding. For instance, Royer mentions a Commerce Clause challenge to the federal statute, 18 U.S.C. § 922 (¶¶18, 30). He also makes numerous due process challenges to the proceedings held in the Court of Common Pleas of Butler County related to the instant firearms offense, and to his conviction for abuse of a corpse (¶¶27-29, 31-35, 37-39, 43-53), as well as a Fourth Amendment challenge to various searches conducted in connection with both of those criminal cases (¶36, 40-42). These allegations are unrelated to Royer's suit against the Commonwealth of Pennsylvania, are not properly raised apart from the state criminal cases, and are thus being stricken sua sponte as immaterial and impertinent pursuant to Federal Rule of Civil Procedure 12(f)(1).

## II. LEGAL AUTHORITY

The Commonwealth of Pennsylvania has moved to dismiss Royer's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Where, as here, a motion under Rule 12(b)(1) is filed prior to an answer, it is considered a "facial" challenge to the court's subject matter jurisdiction. Cardio-Med. Associates, Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983). In reviewing a facial challenge, a court must dismiss a plaintiff's claim if the allegations on the face of the complaint, taken as true, and viewed in the light most favorable to the non-moving party do not allege facts sufficient to invoke the jurisdiction of the district court. In re: Kaiser Grp. Int'l Inc., 399 F.3d 558, 561 (3d Cir. 2005); Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994). The disposition of such a motion is a purely legal determination. Cudjoe v. Dep't of Veterans Affairs, 426 F.3d 241, 244 (3d Cir. 2005).

In reviewing a motion under Rule 12(b)(6), a court must dismiss a claim if the "complaint [does not] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Thus, under either rule, we look to the face of the complaint and take

its allegations as true. Because Royer is proceeding pro se, we must construe his complaint liberally and grant leave to amend sua sponte unless such amendment would be futile. Alston v. Parker, 363 F.3d 229, 234-36 (3d Cir. 2004); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

III. DISCUSSION

Under the Eleventh Amendment to the United States Constitution, states and their agents cannot be sued in federal court by private citizens, including citizens of that same state. Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363-64 (2001); Lavia v. Commonwealth of Pennsylvania, 224 F.3d 190, 195 (3d Cir. 2000) (citing Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000)). State sovereign immunity is "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2, 694 (3d Cir. 1996). Such immunity can be lost only if: (1) the Commonwealth has waived its immunity; or (2) Congress abrogated the states' immunity pursuant to a valid exercise of its legislative power. Lavia, 224 F.3d at 195; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55-56 (1996).

The Pennsylvania General Assembly has, by statute, expressly declined to waive its Eleventh Amendment immunity. 42 Pa.C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment…"). Congress did not abrogate the states' sovereign immunity through enactment of 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979); see also Atkin v. Johnson, 2011 WL 1654665, *1 (3d Cir. May 3, 2011); Hurst v. City of Rehoboth Beach, 288 Fed. Appx. 20, 25 (3d Cir. 2008). Because the Commonwealth's Eleventh Amendment immunity has been neither waived by the Commonwealth, nor abrogated by Congress, we have no subject matter jurisdiction over Royer's claims against Pennsylvania.

Furthermore, because neither a state, nor a state agency, is a "person" for purposes of section 1983, Royer cannot state a claim upon which relief can be granted against the Commonwealth or its agents. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

As such, we grant the motion to dismiss. We do so with prejudice, and without the opportunity for a curative amendment, because any amendment of this complaint would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d

6

103, 108 (3d Cir. 2002). Royer has been clear that his complaint is against the Commonwealth. As detailed above, the Commonwealth is immune from suit, making the claim jurisdictionally barred. No amendment could overcome that jurisdictional defect. In addition, the Commonwealth is not a "person" within the meaning of section 1983, making it impossible for Royer to amend his complaint in order to state a valid section 1983 claim. Thus, given the nature of the defects in Royer's complaint, any amendment would be futile, making dismissal with prejudice appropriate under the circumstances, even though Royer is proceeding pro se.

IV. CONCLUSION

Based on the foregoing, we dismiss Royer's complaint, with prejudice.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHIL ROYER,)
  Plaintiff,)
)
v.) Civil Action No. 11-0318
)
COMMONWEALTH OF PENNSYLVANIA,)
  Defendant.)

AND NOW, this 15th day of July, 2011, it is HEREBY ORDERED that the Commonwealth of Pennsylvania's motion to dismiss [doc. no. 7] is GRANTED, with prejudice.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record